CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

2016 JUL 22 PM 1: 16

DEPUTY CLERK

| | | |
|---|---|---|
| JOSE IVAN MORIEL, | ) | |
| ID # 94076832, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:16-CV-104-BL |
| JEH CHARLES JOHNSON, | ) | |
| Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was assigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Because Plaintiff Jose Ivan Moriel has not consented to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), the undersigned magistrate judge enters this report and recommendation under 28 U.S.C. 636(b). After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

Plaintiff Jose Ivan Moriel, acting *pro se*, filed a civil complaint. By Order entered in this case on June 13, 2016, Plaintiff was ordered to, within thirty (30) days, pay the $ 400.00 filing and administrative fees, or file an application to proceed *in forma pauperis* along with a signed verified certificate of inmate trust account. The June 13, 2016 Order expressly included the warning that "failure to submit either the fees or a completed in-forma-pauperis application and account certificate within thirty (30) days could result in the dismissal of Plaintiff's complaint without further notice for lack of prosecution." (doc. 4.) As of this date, Plaintiff has not filed the required IFP application or paid the applicable fees, and he has not filed any other document responsive to the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Moriel has failed to respond to this Court's order, the case should be dismissal under authority of Rule 41(b) for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28

U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized*

*in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

      SO ORDERED.

      Signed July 22, 2016.

                                   E. SCOTT FROST
                                   UNITED STATES MAGISTRATE JUDGE